UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE FELARCA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 17-cv-06282-VC<br><br>**ORDER RE: TEMPORARY RESTRAINING ORDER AND INTERVENTION, AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Re: Dkt. Nos. 5, 26 |

    1. To the extent that the plaintiffs are seeking to enjoin Berkeley Unified School District from gathering documents responsive to Judicial Watch's Public Records Act request, that request is denied.

    2. However, the District is temporarily restrained from providing those documents to Judicial Watch until after December 19th. There are serious questions going to the merits, and the remaining factors overwhelmingly favor the plaintiffs. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

    3. After the District collects the documents and determines which ones are subject to disclosure under the Public Records Act, the District is ordered to meet and confer with the plaintiffs' counsel to consider any objections to disclosure under the First Amendment, the Public Records Act, or other laws. In conferring on this topic, the parties should be aware that, to the extent the District means to contend that the First Amendment can never apply to the release of documents pursuant to public records laws, that argument will almost certainly fail. *See, e.g., Perry v. Schwarzenegger*, 591 F.3d 1147, 1159-60 (9th Cir. 2010) ("the government must justify

its actions not only when it imposes direct limitations on associational rights, but also when governmental action would have the practical effect of discouraging the exercise of constitutionally protected political rights."); *AFL-CIO v. FEC*, 333 F.3d 168, 179 (D.C. Cir. 2003). The District should also consider the effect on political association rights, the risk of harassment of District employees, and the safety of the District's employees as part of its assessment of whether "the public interest served by not disclosing the record[s] clearly outweighs the public interest served by disclosure of the record[s]." Cal. Gov. Code § 6255.

4. The meet and confer between counsel for the plaintiffs and the District must take place by no later than December 8, 2017.

5. A case management conference will take place on December 19, 2017 at 1:30 p.m., with a joint case management statement due on December 12, 2017. Assuming a controversy remains after the meet and confer process, the parties should be prepared to establish a briefing schedule and a hearing date in January or February on whether to issue a preliminary injunction preventing disclosure of documents while the litigation is pending.

6. Judicial Watch, if it so moves, will likely be permitted to intervene. If the motion is not opposed, Judicial Watch may simply file the motion as an administrative motion under Local Rules 7-11 and 7-12. If the motion is opposed, Judicial Watch may file an administrative motion under Local Rule 7-11 to seek to shorten time on that motion, to allow the Court to rule on it before the case management conference.

**IT IS SO ORDERED.**

Dated: November 9, 2017

VINCE CHHABRIA
United States District Judge