UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE FELARCA, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>          Defendants. | Case No. 17-cv-06282-VC<br><br>**ORDER RE MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 99 |

     1. Attorney's fees should only be awarded against civil rights plaintiffs in exceptional circumstances. *See Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999). This is an exceptional circumstance: Judicial Watch is entitled to attorney's fees because the plaintiffs' lawsuit was frivolous, and their litigation conduct was unreasonable. *See id.*

     To start, a significant portion of the documents the plaintiffs initially sued to protect from disclosure had been publicly disclosed months earlier in another suit brought by Ms. Felarca against BUSD, where she was represented by the same counsel. *See generally Felarca v. Berkeley Unified School District*, No. 3:16-cv-06184-RS. The plaintiffs, therefore, had no reasonable argument to protect those documents from disclosure. The plaintiffs then dragged their feet in producing a privilege log identifying the documents they sought to protect from disclosure and the reasons why non-disclosure was warranted. Consequently, the Court was forced to order the parties to meet and confer at the courthouse for several days to produce that log. *See* Dkt. No. 71. There was no reasonable basis for this dilatory conduct by the plaintiffs.

     Moreover, the plaintiffs' First Amendment claims were premised on the obviously baseless assumption that the First Amendment condemns the "alt-right" while condoning the

ideological missions of their own organizations. The plaintiffs also mischaracterized the documents under review. *See, e.g.*, Motion for Summary Judgment at 4, Dkt. No. 76; Reply at 1, 19, 20, Dkt. No. 82. And they failed to grapple with the role Ms. Felarca played in making herself a topic of public discourse through her physical conduct at public rallies and her voluntary appearance on Fox News.

2. Judicial Watch requests $317,850 in attorney's fees, but there are several reasons why the award should be lower. *Cf. Fox v. Vice*, 563 U.S. 826, 838 (2011). First, Judicial Watch did not properly account for its role as an intervenor. *See Grove v. Mead School District No. 354*, 753 F.2d 1528, 1535 (9th Cir. 1985); *Donnell v. United States*, 682 F.2d 240, 247 (D.C. Cir. 1982). Therefore, the request should be reduced to reflect the fact that some of the arguments made by Judicial Watch were duplicative of those made by BUSD. Second, the request should be reduced to account for delays in the litigation that were the fault of BUSD rather than the plaintiffs. The request should also be discounted for the time spent making arguments that pertained to state claims, which were not decided on the merits. *See* Dkt. No. 90; *Fox*, 563 U.S. at 836. Lastly, Judicial Watch's request doesn't account for the plaintiffs' limited financial resources. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). Accordingly, the Court awards Judicial Watch $22,000 in attorney's fees, to be allocated among the plaintiffs – who are not joint and severally liable – in the following way: Ms. Felarca will pay $20,000; Ms. Nixon will pay $1,000; and Mr. Stefl will pay $1,000. This allocation reflects the Court's impression of each plaintiff's relative responsibility for the frivolous and unreasonable conduct described above.[1]

3. Judicial Watch also moves for $8,309.59 in litigation costs. The Court finds that some of the expenses were unreasonably high, like those for airfare and hotel rooms. Therefore, the Court awards $4,000 in litigation expenses, for which the plaintiffs are jointly and severally liable.

---

[1] Had Judicial Watch moved to sanction plaintiffs' counsel, it likely could have recovered a great deal more from them.

**IT IS SO ORDERED.**

Dated: April 10, 2019

_____

VINCE CHHABRIA  
United States District Judge